**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Frey,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-21-00301-TUC-SHR<br><br>**Order Granting § 406(b) Motion** |

Pending before the Court is Plaintiff's counsel's motion for attorney fees (Doc. 30) and memorandum in support (Doc. 31), filed pursuant to 42 U.S.C. § 406(b), seeking an award of $19,509.68.  Defendant filed a Response indicating it "neither supports nor opposes counsel's request." (Doc. 32 at 2.)  For the foregoing reasons, the Court grants the Motion.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff prevailed in his appeal from the administrative law judge's decision and the Court awarded Plaintiff's counsel $6,600.00 in attorney fees under the Equal Access to Justice Act (EAJA). (*See* Docs. 26, 27, 28, 29.)  After the remand from this Court, Plaintiff received a past-due benefits award and the Commissioner withheld 25 percent of the retroactive benefits, totaling $19,509.68. (Doc. 31 at 2; Doc. 31-4 at 3.)  Plaintiff's counsel subsequently filed this Motion seeking § 406(b) attorney fees and acknowledging the EAJA fees previously awarded must be refunded if the Motion is granted.  (*See generally*

Doc. 31.) Plaintiff has a fee agreement with his counsel providing for a 25-percent contingency fee of the final award. (Doc. 31-2 at 1.)

## II. DISCUSSION

Section 406(b)(1) authorizes the recovery of reasonable attorney fees from the award of past-due benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

In considering a motion for attorney fees under § 406(b), the district court must review counsel's request "as an independent check" to ensure the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under § 406(b), the Court considers the character of the representation and the results achieved. *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). This includes analyzing whether substandard representation justifies awarding less than 25 percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52. The court must offset an award of § 406(b) attorney fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

Here, Plaintiff prevailed in the appeal to this Court from the administrative law judge's decision and received a past-due benefits award. The Court finds the 25-percent contingency-fee agreement is within § 406(b)(1)(A)'s ceiling and the amount requested is reasonable. Specifically, the Court finds the hourly rate of $654.69 for work performed before the District Court is a reasonable hourly rate considering the type of work, counsel's experience, and the contingency nature of the fee agreement. (*See* Doc. 31 at 6; Doc. 31-4; Doc. 31-5; Doc. 31-6.) The Court also finds the 29.8 hours counsel expended at the District Court reasonable. (*See* Doc. 31 at 6.)

Accordingly,

**IT IS ORDERED** Plaintiff's Motion (Doc. 30) is **GRANTED**. Plaintiff's counsel shall receive attorney fees in the amount of $19,509.68.

**IT IS FURTHER ORDERED** Plaintiff's counsel shall, after receipt of the above awarded fee, refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

Dated this 20th day of May, 2024.

Honorable Scott H. Rash
United States District Judge